**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ENOCH TAYLOR**                                                 **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:13cv134-MTP**

**ERICA PERKINS**                                         **DEFENDANT**

**OPINION AND ORDER**

THIS MATTER is before the Court on the Motion for Summary Judgment [32] filed by Defendant Erica Perkins. After careful consideration of the submissions of the parties, the entire record, and the applicable law, the Court finds that the Motion [32] should be granted, and that this matter should be dismissed with prejudice.

**BACKGROUND**

Plaintiff Enoch Taylor, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action on or about August 14, 2013.[1] Plaintiff is a post-conviction inmate currently incarcerated at East Mississippi Correctional Facility ("EMCF") located in Meridian, Mississippi. This civil action arises from alleged events that occurred while the Plaintiff was incarcerated at Wilkinson County Correctional Facility ("WCCF"). Plaintiff's claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held on May 22, 2014.[3]

Plaintiff alleges a claim of deliberate indifference to his serious medical needs. Plaintiff alleges that on or about December 29, 2011, he was assaulted by another inmate at WCCF that

---

[1] *See* Complaint [1] at 4.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *See* Omnibus Order [24].

resulted in several stab wounds to his hands, face and head. Plaintiff alleges that his injuries necessitated stitches and that he was airlifted to a hospital in Jackson to receive medical treatment. Plaintiff states that he suffered from a great amount of pain as a result of the assault and that he required more treatment than he received. Plaintiff also alleges that he was entitled to mental health treatment for Post-Traumatic Stress Disorder. Plaintiff asserts that Defendant Perkins – a correctional officer at WCCF – had a responsibility to follow-up on his condition and that she was unresponsive to his requests for treatment. Plaintiff claims that he had to fill out multiple sick calls to bring attention to his medical needs, and that he was charged for each sick call. He also claims that he submitted multiple administrative remedy procedure grievances (ARPs), but that no one responded to them.[4]

Plaintiff requests relief in the form of proper medical care for his injuries as well as reimbursement for submitting his sick call requests, courts costs, and filing fees. He also requests an unspecified amount of monetary damages for his pain and suffering.[5]

Defendant Perkins filed her Motion for Summary Judgment [32] on January 21, 2015, alleging (1) that Plaintiff has failed to exhaust his administrative remedies; and (2) that in any event, Plaintiff received constitutionally adequate medical treatment for his injuries.

## STANDARD

A motion for summary judgement will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing

---

[4]*See* Complaint [1] at 4; Omnibus Order [24] at 3.

[5]*See* Complaint [1] at 4.

FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 1069, 1075 (5th Cir. 1994) (emphasis omitted). A nonmoving party cannot rest on its pleadings to avoid a proper motion for summary judgment. *See Celotex*, 477 U.S. at 325-26.

## ANALYSIS

<u>Failure to Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act requires a prisoner to exhaust 'such administrative remedies as are available' before he may file suit under Section 1983. *See Ferrington v. Louisiana Dep't of Corrections*, 315 F.3d 529, 531 (5th Cir. 2002) (citing 42 U.S.C. § 1997e). Plaintiff alleges that he filed several ARPs over the course of two years, but that he received no response.[6] Defendant Perkins counters that Plaintiff's institutional file indicates that he never filed any grievance in connection with the alleged assault or deficient medical treatment.[7] The Court finds it unnecessary, however, to resolve this discrepancy, as Plaintiff's uncontradicted medical records show that he received constitutionally adequate medical care at WCCF.

---

[6]*See* Complaint [1] at 3, 4.

[7]*See* Memorandum in Support of Motion for Summary Judgment [33] at 4; Affidavit of Le Tresia Stewart [32-2] (asserting that a review of Plaintiff's records by an ARP investigator shows that Plainitff has never filed any grievance concerning any of the matters alleged in his complaint).

3

Deliberate Indifference

A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). The plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference. *See Domino*, 239 F.3d at 756 ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment.").

In this case, Plaintiff's sworn testimony at the *Spears* hearing indicates that he received substantial medical care following the attack on December 29, 2011. Plaintiff stated that he received stitches for his wounds, and was even airlifted to a hospital in Jackson, Mississippi to receive

medical care.[8] Likewise, Plaintiff's medical records reflect that he received extensive medical attention. Plaintiff was sent to the medical unit at WCCF immediately following the attack on December 29, 2011, where Nurse Cynthia Strickland noted that Plaintiff had lacerations to his face, head, arms, and buttocks. Nurse Strickland cleaned Plaintiff's injuries with saline and applied sterile dressing.[9] Plaintiff was then air-lifted to the University of Mississippi Medical Center in Jackson, Mississippi.[10] Plaintiff was returned to WCCF later that day, where he was again examined by medical personnel. Nurse Delores Spinks noted that Plaintiff had received staples on the top of his head and sutures on the right side of his face and his left arm. Plaintiff also received sterile dressing for shallow cuts on his right hand and buttocks. Finally, Plaintiff was prescribed Keflex, an antibiotic, Ibuprofen, and Robaxin, a prescription strength pain reliever.[11]

Plaintiff returned to the medical unit at WCCF the next day for a follow-up appointment. Nurse JeZonn Williams noted that Plaintiff's staples, sutures, and sterile dressing were all intact. A "scant amount of bright red blood" was noted along the edge of the laceration on Plaintiff's head, but no other redness or edema was found among the other lacerations. Nurse Williams cleaned a laceration on Plaintiff's finger and covered it with a band-aid. Plaintiff was advised to notify the medical department if he noticed any increased redness, swelling, drainage or odor emanating from his injuries.[12]

---

[8]*See* Complaint [1] at 4.

[9]*See* Medical Records [31-1] at 19.

[10]*Id.* at 20.

[11]*Id.*

[12]*Id.* at 21.

Plaintiff submitted a sick call request on January 1, 2012, and was prescribed first aid ointment that same day.[13] Plaintiff submitted two more sick call requests on January 2, 2012, and was examined by Nurse Delores Spinks on January 4, 2012. Plaintiff's injuries were evaluated. Nurse Spinks noted that the staples on Plaintiff's head were intact, and that the some of the stitches on the right side of his face had been removed, but that the remaining stitches were intact. Nurse Spinks noted that the cut on Plaintiff's buttocks had healed. The stitches on Plaintiff's face were cleaned with hydrogen peroxide and removed.[14]

On January 7, 2012, Nurse Melissa Hebert removed the sutures on Plaintiff's left arm without difficulty.[15] On January 9, 2012, Nurse Delores Spinks removed the several staples from Plaintiff's head without any difficulty, and Plaintiff was provided with topical antibiotic ointment.[16] Plaintiff submitted four sick call requests from January 9, 2012 to January 21, 2012.[17] He was examined by Nurse Melissa Herbert on January 21, 2012. Nurse Herbert removed the final staple from Plaintiff's head. She noted that the skin around the staple was intact and dry, and that there was no indication of infection. She also noted that Plaintiff "denie[d] other needs at this time."[18]

As for Plaintiff mental health claims, his medical records also reflect that he

---

[13] *Id*. at 22.

[14] *Id.* at 25.

[15] *Id.* at 29.

[16] *Id.*

[17] *Id.* at 31-32.

[18] *Id*. at 33.

received substantial care in this regard. Plaintiff was prescribed citalopram hydrodromide,[19] an anti-depressant, on October 5, 2011.[20] He was examined by psychologist Gail Williams and Mental Health Counselor Sarah Dennis on January 4, 2012 – five days after the attack. Sarah Dennis noted that Plaintiff discussed that he was recently in a fight and was suffering some sort of trauma.[21] She recommended that Plaintiff continue to take his prescribed anti-depressant, and advised him to attend individual and group therapy on a weekly basis.[22]

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous); *Harris v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment). The Court notes that Plaintiff has not responded to the motion for summary judgment or offered any evidence contradicting his medical records.

Plaintiff claims he received inadequate medical care at WCCF amounting to deliberate indifference. However, as outlined above, Plaintiff's medical records indicate otherwise. Plaintiff was examined by several different medical personnel at least seven times in the days following the attack. He received treatment in the form of sutures, staples and medication, and was air-lifted to

---

[19]Citalopram is a selective serotonin reuptake inhibitor used to treat depression. *See* Citalopram, Medline Plus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a699001.html (Last visited April 2, 2015).

[20]*Id.* at 1.

[21]*Id.* 27.

[22]*Id.* at 28.

a non-prison hospital. Although Plaintiff may be dissatisfied with the care he received at WCCF, the United States Court of Appeals for the Fifth Circuit has clearly held that a prisoner's disagreement with medical treatment does not constitute deliberate indifference. *See Gobert*, 463 F.3d at 346 .

Furthermore, it is unclear what part, if any, correctional officer Perkins played in Plaintiff's medical treatment at WCCF. Plaintiff merely states that Defendant Perkins should have been aware that Plaintiff required additional medical treatment and ensured that he received it.[23] Plaintiff does not allege that the Defendant Perkins "ignored his complaints . . . or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238. The Court notes that Plaintiff has not come forward with affidavits or other evidence indicating that Defendant Perkins interfered or delayed his access to medical treatment. Plaintiff may not "rest on the pleadings" at the summary judgment stage, and the Court finds that he has failed to establish a genuine dispute of material fact. *See Celotex*, 477 U.S. at 325-26. Accordingly, the Court finds that Defendant Perkins is entitled to judgment as a matter of law, and that this matter should be dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment [32] should be GRANTED.  Accordingly,

IT IS, THEREFORE, ORDERED:

---

[23]Defendant Perkins argues that she cannot be liable for deliberate indifference because she is a correctional officer at WCCF and not medical personal. *See* Memorandum in Support of the Motion for Summary Judgment [33]. However, it is well-settled that non-medical prison employees, as well as prison doctors and nurses, may have a duty to provide inmates with constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, (1976) (noting that deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

1. That the Motion for Summary Judgment [32] filed by Defendant Perkins is GRANTED.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 2nd day of April, 2015.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge